**DENIED and Opinion Filed May 22, 2024**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00456-CV**

## IN RE 1 COVENTRY COURT, LLC, MOSHE FELDHENDLER, AND LEAH FELDHENDLER, Relators

**Original Proceeding from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-01541**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Nowell

This original proceeding involves a contempt order signed by the trial court on October 13, 2022. Because the parties are familiar with the underlying facts, we provide only those details necessary to dispose of this original proceeding and issue this memorandum opinion. TEX. R. APP. P. 47.1.

1 Coventry Court, LLC and The Downs of Hillcrest Residential Association, Inc. entered into a settlement agreement on April 26, 2022 resolving disputes regarding property located at 1 Coventry Court. After relators failed to comply with the settlement and the final judgment signed on June 30, 2022, the Association filed a motion for contempt. The trial court held a hearing and subsequently signed a

contempt order on October 13, 2022 and ordered relators to pay the Association $15,000 in fines.

Contempt orders may be reviewed by writ of mandamus. *In re Braden*, 483 S.W.3d 659, 662 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding). A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy by appeal exists. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *In re Autumn Ranch, LLC*, No. 05-24-00255-CV, 2024 WL 1190480, at *1 (Tex. App.—Dallas Mar. 20, 2024, orig. proceeding) (mem. op.).

Relators raise four issues; however, we do not address the merits of their arguments because we conclude relators' petition is barred by laches. Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *In re Barnes*, No. 05-22-00312-CV, 2022 WL 1955754, at *1 (Tex. App.—Dallas June 3, 2022, orig. proceeding) (mem. op.). One such principle is that "equity aids the diligent and not those who slumber on their rights." *Id.* (citation and internal quotation marks omitted). Thus, delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay. *Id.* "A delay of only a few months can constitute laches and result in denial of mandamus relief." *Id.*; *see also Autumn Ranch, LLC*, 2024 WL 1190480, at *1 (denying petition because of ten-month delay); *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 337 (Tex. 1999) (orig. proceeding) (concluding seven-month delay precluded mandamus relief).

Here, the trial court signed the contempt order on October 13, 2022, yet relators did not file a petition for mandamus until May 15, 2023. Relators provide no explanation for the seven-month delay in seeking mandamus relief. Accordingly, we conclude that relators' unreasonable delay bars their right to mandamus relief. We deny relators' petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

230456F.P05